IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00011-REB-MJW

BRISTOL COMPANY Limited Partnership, a Nevada Limited Partnership,

    Plaintiff,

v.

BOSCH REXROTH INCORPORATED, a Pennsylvania Corporation,
ROBERT BOSCH CORPORATION, a Delaware Corporation,
RALPH CRANDELL, and
GREGG I. ANDERSON,

    Defendants.

---

## ORDER GRANTING DEFENDANTS CRANDELL AND ANDERSON'S FIRST MOTION TO DISMISS

**Blackburn, J.**

The matters before me are (1) **Defendant Crandell and Anderson's First Motion to Dismiss** [#31], filed March 6, 2006; (2) **Defendant Crandell and Anderson's Second Motion to Dismiss** [#32], filed March 6, 2006; and (3) **Plaintiff's Motion to Treat Defendant Crandell and Anderson's Second Motion to Dismiss as Under Rule 56 . . .** [#39], filed March 21, 2006.[1]  I grant the motion first motion to dismiss and deny the other two motions as moot.

### I. JURISDICTION

I putatively have jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 (federal

---

[1] This motion also included an alternative request to permit filing of a response brief in excess of the page limitations imposed by my Civil Practice Standards.  That aspect of the motion has already been denied.  (**See Minute Order** [#40], filed March 27, 2006.)

question) and 1338 (patent issues).

## II.  STANDARD OF REVIEW

Defendants seek to dismiss the claims against them on standing and ripeness grounds.  The motion therefore implicates the court's subject matter jurisdiction.  **See New Mexicans for Bill Richardson v. Gonzales**, 64 F.3d 1495, 1498-99 (10th Cir. 1995); **Sierra Club v. Young Life Campaign, Inc.**, 176 F.Supp.2d 1070, 1083 (D. Colo. 2001).  A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir. 1995).  I construe defendants' motion as presenting a facial attack challenging the sufficiency of the complaint's allegations of subject matter jurisdiction.  **Id**.  Thus, in reviewing the motion, I must accept the allegations of the complaint as true.  **Id**.  However, I need not accept conclusory allegations of jurisdiction.  **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).  Plaintiff bears the burden of establishing that federal subject matter jurisdiction exists.  **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz**, 223 F.Supp.2d at 1199.

## III.  ANALYSIS

Plaintiff Bristol Company owns by assignment the rights in a patent concerning various technologies for the removal of snow and ice from roads (the "'396 Patent"). Plaintiff claims that defendants Bosch Rexroth Incorporated and Robert Bosch Corporation (collectively, "the Bosch defendants") are making, using, and selling systems that infringe plaintiff's rights in the '396 Patent.  It therefore has sued the Bosch defendants for infringement under various theories.

Attendant to these claims, plaintiff also has brought two claims for relief against Ralph Crandell and Gregg Anderson, the attorneys who filed the application for the '396 Patent and related patents on its behalf. By these claims, plaintiff maintains that if the Bosch defendants' products are found not to infringe the patent, Crandell and Anderson were negligent in describing the claims of the '396 Patent and in withdrawing claims from a related patent that allegedly would have covered the Bosch defendants' products. By their first motion to dismiss, Crandell and Anderson argue, *inter alia*, that federal subject matter jurisdiction is lacking because these claims are unripe and because plaintiff lacks standing to pursue them.

Article III, section 2 of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." **Allen v. Wright**, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); **Carolina Casualty Insurance Co. v. Pinnacol Assurance**, 425 F.3d 921, 926 (10th Cir. 2005). The various justiciability doctrines, including those of standing and ripeness, ensure that federal courts address only concrete disputes between parties with present, adverse interests. **Abbott Laboratories v. Gardner**, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).[2] I find that plaintiff's claims against Crandell and Anderson fail both for lack of standing and on ripeness grounds.

For purposes of Article III, standing consists of three elements:

> First, the plaintiff must suffer an injury in fact. An injury in fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical. A plaintiff must also

---

[2] Although standing and ripeness are analytically distinct concepts, they overlap substantially, and especially where the issue is whether the plaintiff has sustained an injury-in-fact, "the issues of standing and ripeness are particularly difficult to divorce." **Morgan v. McCotter**, 365 F.3d 882, 887 (10th Cir. 2004).

>   demonstrate that the harm complained of is fairly traceable to defendant's conduct and that a favorable ruling from the court would redress plaintiff's injury. Thus, a main focus of the standing inquiry is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury.

*Id.* at 887-88 (citations and internal quotation marks omitted). Defendants here focus on the first element, injury-in-fact. When a plaintiff relies on the threat rather than the fact of injury, a mere possibility of future injury is insufficient to confer standing. **Nova Health Systems v. Gandy**, 416 F.3d 1149, 1155 (10th Cir. 2005). Rather, the case is justiciable only when the threat is "certainly impending," or "real and immediate." *Id.* (citations and internal quotation marks omitted).

Plaintiff's claims against Crandell and Anderson do not satisfy this standard. These claims assert that *if* plaintiff's infringement claims against the Bosch defendants fail, *then* Crandell and Anderson are guilty of legal malpractice. (**See** First Am. Compl. at 10, ¶ 53 ("To the extent the issued '396 patent does not 'cover' the Bosch products and devices, Plaintiff Bristol has been directly and proximately caused injury by the negligence of Anderson and Crandell."), and at 12, ¶ 64 ("In the event these negligent actions result in Bristol's inability to enforce its '396 Patent against Bosch, Plaintiff Bristol has been directly and proximately caused injury by the negligence of Anderson and Crandell.").) These allegations assert no more than a possibility of future harm, which is clearly insufficient to confer Article III standing.

Although the failure to prove injury-in-fact alone is sufficient to dismiss plaintiff's claims, I also note that the contingent nature of the alleged injury supports dismissal on ripeness grounds as well. "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in


abstract disagreements." ***National Park Hospitality Association v. Department of Interior***, 538 U.S. 803, 807, 123 S.Ct. 2026, 2029, 155 L.Ed.2d 1017 (2003) (internal quotation marks omitted).  Whether Crandell and Anderson are potentially liable for legal malpractice clearly depends on factual and legal findings regarding the '396 Patent that have yet to be made.  Indeed, those claims may never ripen if plaintiff is successful against the Bosch defendants.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  ***Texas v. United States***, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998) (citation and internal quotation marks omitted).  Clearly, such is the essence of plaintiff's claims against Crandell and Anderson in this litigation.

Plaintiff's attempts to craft standing and ripeness out of unrelated doctrines and legal principles taken out of context are inventive, but unavailing.  For instance, plaintiff maintains that it was required to file its claims against Crandell and Anderson to avoid running afoul of the applicable statute of limitations.  Under Colorado law, a legal malpractice claim accrues "when the plaintiff learns facts that would put a reasonable person on notice of the general nature of *damage* and that the *damage* was caused by the wrongful conduct of an attorney."  ***Rantz v. Kaufman***, 109 P.3d 132, 136 (Colo. 2005) (quoting ***Morrison v. Goff***, 91 P.3d 1050, 1053 (Colo. 2004)) (internal quotation marks omitted; emphasis in original).  Although plaintiff claims it first learned that its patent might be invalid in July or August of 2005, the fact remains that it has not yet been *damaged* by that knowledge.  The event triggering accrual has not yet occurred, and indeed, cannot occur unless and until the patent is found to be invalid or the Bosch defendants are found not to have infringed.

Plaintiff next argues that its claims against Crandell and Anderson are a proper use of pleading in the alternative as permitted by Fed.R.Civ.P. 8(e).  However, that rule does not trump the constitutional requirement that a party must have standing as to every claim it seeks to assert, whether plead in the alternative or independently.  **See Neeld v. National Hockey League**, 439 F.Supp. 446, 456 (W.D.N.Y. 1977); **see also** 28 U.S.C. § 2072(b) (providing that Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right").

Finally, plaintiff maintains that its claims against Crandell and Anderson are not unripe because they turn on a strictly legal determination.  **See New Mexicans for Bill Richardson**, 64 F.3d at 1499 (noting that "courts frequently focus on . . . whether determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed").  While I recognize this principle, it is not applicable here.  Plaintiff's claims against Crandell and Anderson do not present pure questions of law.  Rather, although they presuppose a legal determination of infringement, they ultimately will require a fact-driven inquiry as to whether Crandell and Anderson "employ[ed] that degree of knowledge, skill, and judgment ordinarily possessed by a member of the legal profession at the time the task [was] undertaken."  **Fleming v. Lentz, Evans, and King, P.C.**, 873 P.2d 38, 40 (Colo. App. 1994).

## IV.  CONCLUSION

For these reasons, I find that plaintiff has failed to demonstrate that it has suffered an injury-in-fact sufficient to confer standing to bring claims against Crandell and Anderson.  Alternatively, I find that those claims are not ripe for judicial determination.  Accordingly, defendants' first motion to dismiss should be granted.  My determination in this regard pretermits consideration of the other arguments raised by

6

the first motion to dismiss, and moots defendants' second motion to dismiss as well as plaintiff's attendant request that such motion be treated as a motion for summary judgment under Rule 56.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Crandell and Anderson's First Motion to Dismiss** [#31], filed March 6, 2006, is **GRANTED IN PART** as set forth herein;

2. That plaintiff's Fifth and Sixth Claims for Relief defendants Ralph Crandell and Gregg I. Anderson are **DISMISSED WITHOUT PREJUDICE** for lack of federal subject matter jurisdiction;

3. That defendants Ralph Crandell and Gregg I. Anderson are **DROPPED** as named parties to this action, and the case caption is **AMENDED** accordingly;

4. That **Defendant Crandell and Anderson's Second Motion to Dismiss** [#32], filed March 6, 2006, is **DENIED AS MOOT**; and

5. That **Plaintiff's Motion to Treat Defendant Crandell and Anderson's Second Motion to Dismiss as Under Rule 56** [#39], filed March 21, 2006, is **DENIED AS MOOT**.

Dated April 20, 2006, at Denver, Colorado.

        **BY THE COURT:**

        s/ Robert E. Blackburn
        Robert E. Blackburn
        United States District Judge