**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00011-REB-MJW

BRISTOL COMPANY Limited Partnership, a Nevada limited partnership,

    Plaintiff,

v.

BOSCH REXROTH INCORPORATED, a Pennsylvania Corporation, and
ROBERT BOSCH CORPORATION, a Delaware corporation,

    Defendants.

_____

**ORDER RE: DEFENDANTS CRANDELL AND ANDERSON'S
MOTION FOR ATTORNEYS' FEES AND COSTS**
_____

**Blackburn, J.**

The matter before me is **Defendants Crandell and Anderson's Motion for Attorneys' Fees and Costs** [#54], filed May 1, 2006. I grant the motion in part and deny it in part.

On April 20, 2006, I granted the first of defendants' two motions to dismiss on standing and ripeness grounds. (*See* Order Granting Defendants Crandell and Anderson's First Motion to Dismiss [#50], filed April 20, 2006.) Defendants now seek an award of $56,002.00 in attorney fees pursuant to section 13-17-201, C.R.S., which provides, in relevant part,

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Although the statute addresses claims dismissed pursuant to the Colorado Rules of Civil Procedure, federal courts have applied it to dismissals pursuant to Fed.R.Civ.P. 12(b).  **See, e.g.**, **Jones v. Denver Post Corp.**, 203 F.3d 748, 757 (10th Cir. 2000); **Brammer-Hoelter v. Twin Peaks Charter Academy**, 81 F.Supp.2d 1090, 1102 (D. Colo. 2000).  When the statute applies, an award of attorney fees is mandatory.  **Wark v. Board of County Commissioners of the County of Dolores**, 47 P.3d 711, 717 (Colo. App. 2002).

Although plaintiff suggests that attorney fees are not available under the statute because its claims arise under the federal patent law, that argument is patently meritless.  Although plaintiff's putative claim against defendants implicated their work as patent attorneys, it clearly attempted to state a claim for legal malpractice under Colorado state tort law.  As such, I find that the statute is applicable and requires an award of defendants' reasonable attorney fees.

The question thus becomes what constitutes reasonable attorney fees in this case.  The starting point for any calculation of reasonable attorney fees is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  **Hensley v. Eckerhart**, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client.  **Hensley**, 103 S.Ct. at 1941; **Malloy**, 73 F.3d at 1018.  "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'"  **Hensley**, 103 S.Ct. at 1940 (quoting **Copeland v. Marshall**, 641

F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphases in **Copeland**).  Counsel therefore must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary."  *Id*. at 1939-40.

There are several problems in arriving at an appropriate lodestar amount in this instance.  First, although I find that the hourly rates charged by defendants' attorneys are reasonable within the local community, **see Ramos v. Lamm**, 713 F.2d 546, 555 (10th Cir. 1983), it is not clear why four attorneys and two paralegals were required to bill time on this matter.  Accepting as true for present purposes defendants' representations regarding the complexity of the underlying patent action,[1] with respect to these defendants, this was a simple legal malpractice claim that was dismissed at an early stage of the proceedings on ripeness and standing grounds.[2]  These are neither novel nor terribly complex legal concepts, at least as they were invoked and applied in this case, and certainly not so difficult as to require the input of four attorneys.  In moving for attorney's fees, "[t]he injured party has a duty to mitigate costs by not overstaffing, overresearching[,] or overdiscovering clearly meritless claims."  **White v. General Motors Corp.**, 908 F.2d 675, 684 (10th Cir. 1990), **cert. denied**, 111 S.Ct. 788 (1991).  It appears to me that defense counsel did not heed that edict here.[3]

---

[1] It is ironic that defendants, who insisted on the difference between the underlying patent action and the legal malpractice claim against them in moving to dismiss this case as well as in arguing for that section 13-17-201 is applicable here, should reverse course and invoke the complexity of the underlying patent action to justify the amount of fees incurred.

[2] The second motion, which was denied as moot, implicated claim preclusion, which is a well-developed and not a particularly intricate legal concept either.

[3] Indeed, defendants appear to acknowledge that at least some portion of the fees they seek are attributable to a "precursor" state court action.  (**See** Def. Motion App., McConnell Aff. at 1, ¶ 3.)  They present no authority for recouping those fees in this action, and I find no basis for concluding that section 13-17-201 provides such authority.

On a more practical level, the evidence defendants have submitted in support of their motion makes it nearly impossible for me to determine whether the requested fees are reasonable.  The copies of defense counsel's time records appended to the motion are so heavily redacted that in many instances nothing remains but a cryptic description such as "receipt and review of" or "legal research on."  Other entries reference individuals whose involvement in the case is not manifest on the record before me.  Although section 13-17-201 may entitle a successful litigant to an award of fees incurred in defending the action regardless whether those fees were incurred in connection with the successful motion to dismiss or otherwise, in this instance, defendants' evidence makes it impossible for me to determine whether the majority of the fees requested were reasonably incurred.

The entries I can decipher relate largely to the motions to dismiss themselves.  Tallying up these entries reveals that the highest billing attorney of defendants' cadre expended the greatest number of hours on the motions, slightly more than even the principal associate involved.  Given the close confluence between the number of hours I am able to discern as being dedicated to this project by lead counsel and those expended by the associate – 52.40 hours versus 51.10 hours, respectively[4] – I cannot escape the conclusion that much of the work was duplicative.  Moreover, I do not find it reasonable to award attorney's fees at a partner's hourly rate for work that largely should have been delegated to associates:

> [T]he lodestar computation is a two-edged sword.  A fee applicant cannot demand a high hourly rate – which is based on his or her experience, reputation, and presumed

---

[4] In addition, another partner billed 11.60 hours on the motions to dismiss, and a second associate billed 7.40 hours for unspecified legal research.

4

>familiarity with the applicable law – and then run up an inordinate amount of time researching that same law. . . . Nor do we approve the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates. . . . A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983).  ***See also Apple Corps Ltd. v. International Collectors Society***, 25 F.Supp.2d 480, 490 (D.N.J. 1998).  This too indicates a lack of billing judgment.[4]

Given all these considerations, I am neither inclined nor required to comb defense counsel's billing records in an effort to attempt to discern what fees were reasonably incurred.  Where an attorney has failed to exercise billing judgment, the court may do so for him by striking problematic entries or by reducing the hours requested by a percentage intended to substitute for the exercise of billing judgment. ***See Harper v. City of Chicago Heights***, 223 F.3d 593, 605 (7th Cir. 2000), ***cert. denied***, 121 S.Ct. 883 (2001), ***and cert. denied***, 121 S.Ct. 1092 (2001); ***Walker v. United States Department of Housing and Urban Development***, 99 F.3d 761, 770 (5th Cir. 1996).  I find a combined approach appropriate in this case.  As noted above, I have already found many of defendants' heavily redacted entries practically indecipherable, and thus will not award fees attributable to those entries.  That still leaves slightly more than 115 hours of attorney time billed with respect to the motions to dismiss, nearly half of which I find to be duplicative.  Given that there were two motions to dismiss filed, I do not find it unreasonable to think that an associate or

---

[4] Although there may be circumstances in which it may make sense for a partner to research and draft legal motions, defendants provide me no evidence from which I might conclude that this case presents such a circumstance.

5

associates would have spent 50 hours working on those matters. However, a more reasonable estimation of a partner's appropriate involvement in these projects is 5 hours. I further find that 8.6 hours of paralegal time which I can discern as having been billed to work on the motions to dismiss, document production, and mandatory disclosures is reasonable. *American Water Development, Inc. v. City of Alamosa*, 874 P.2d 352, 387 n.47 (Colo.), **cert. denied**, 115 S.Ct. 575 (1994) (permitting award of paralegal fees as part of attorney's fees); *Robinson v. Colorado State Lottery Division*, – P.3d –, 2006 WL 1170983 at *6 (Colo. App. May 4, 2006) (same). Given the admittedly reasonable hourly rates billed, I therefore find and conclude that a reasonable award of attorney's fees in this case is $8,484.00.[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants Crandell and Anderson's Motion for Attorneys' Fees and Costs** [#54], filed May 1, 2006, is **GRANTED IN PART**; and

2. That counsel for defendants is **AWARDED** $8,484.00 in attorney's fees pursuant to section 13-17-201, C.R.S.

Dated July 20, 2006, at Denver, Colorado.

                                                       **BY THE COURT:**

                                                       **s/ Robert E. Blackburn**
                                                       **Robert E. Blackburn**
                                                       **United States District Judge**

---

[5] This figure represents the total of (1) 50 hours of associate attorney time at the rate of $140 an hour ($7,000.00); (2) 5 hours of lead counsel's time at $185 an hour ($925.00); and (3) 8.6 hours of paralegal time at the rate of $65 an hour ($559.00).