**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. **1:06-cv-00011-REB-MJW**

BRISTOL COMPANY Limited Partnership, a Nevada Limited Partnership,
    Plaintiff,

v.

BOSCH REXROTH INCORPORATED, a Pennsylvania Corporation;
ROBERT BOSCH CORPORATION, a Delaware Corporation; and,
BOSCH REXROTH CANADA CORP/Corporation Bosch Rexroth Canada, a Canadian Corporation,
    Defendants.

**STIPULATED PROTECTIVE ORDER**

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective attorneys, that this litigation arises in a competitive industry, that inappropriate disclosure of proprietary or trade secret information could cause substantial competitive harm or unfair competitive advantage, and that therefore good cause exists for entry of a protective order under Federal Rule of Civil Procedure 26(c) regarding confidentiality of trade secret or nonpublic confidential research, development, or commercial information that is produced or provided in the course of discovery.

The parties hereby agree, through their undersigned attorneys, that until such time as the Court approves and enters this Proposed Stipulated Protective Order, they will be bound by and will abide by all terms set forth herein. The parties further agree,

through their undersigned attorneys, that discovery will proceed under the terms of this Proposed Stipulated Protective Order regardless of whether the Court has entered the Order at the time the parties' discovery materials are due to be produced.

## PROTECTIVE ORDER

1.  Other than as set forth in this Order, all documents and information produced during this lawsuit shall not be considered confidential and may be used by any party consistent with such party's legal rights. The parties believe that certain documents and information likely produced during this lawsuit may contain confidential information or trade secrets for which good cause exists to limit their dissemination and, accordingly, the parties have agreed to the limitations on disclosure set forth in this Protective Order.

2.  Either party may request that information or documents produced be designated as "Confidential." Designation of Confidential information must be made by stamping, placing, or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL" and marking the portion or information contained within the document which the party claims to be confidential. The receiving party shall be provided the opportunity to investigate and test the Confidential designation for 30 days after receipt, at which time the receiving party must either reject in writing the Confidential designation (with the appropriate rationale for rejection) or be deemed to agree with such designation. The receiving party may request that confidentiality be removed for a portion of the document. Prior to such agreement or, alternatively, for 30 days after the rejection, the receiving party shall treat the document

and information as Confidential.  Should the parties disagree as to the Confidentiality designation, the party desiring the designation shall have the burden of moving the Court for an Order limiting the disclosure.

     3.     One who provides material may only designate it as "CONFIDENTIAL" when it (1) is not already known to the receiving party, and (2) when it has not been produced to any third party other than under similar confidentiality limitations, and (3) it is not known or reasonably discernable to the public at large through literature or publications, and (4) it meets either of the following standards:

          a.     The information is a trade secret of the producing party or a non-party under common control of a party to this lawsuit.  A trade secret is defined as under the Uniform Trade Secret Act, or

          b.     The information contains proprietary information which, although not a trade secret, includes confidential research, development, or commercial information which if disclosed to a third party would likely cause the producing party to either lose a significant competitive advantage or incur a significant competitive disadvantage.

     4.     Except for documents produced for inspection at the party's facilities or which are produced in bulk consistent with the Federal Rules of Civil Procedure, the designation of Confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities or in bulk, such documents may be produced for inspection before being marked confidential.  Once specific documents

have been designated for copying, any documents containing confidential information will then be marked Confidential after copying with the appropriate section(s) of the documents identified but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked confidential pursuant to this procedure.

5. Any party, including any third party, may obtain Confidential treatment for any information disclosed in this litigation so long as such information meets the criteria required by this Order.

6. In answering any interrogatory, request for admission, or part thereof, a party may designate its answer, consistent with the criteria required by this Order, as Confidential by affixing thereto the legend "CONFIDENTIAL."

7. If a producing party discovers after the production of a document that it has inadvertently failed to designate the document as "CONFIDENTIAL" material, it may within thirty (30) days after production give written notice to the receiving party that the document is Confidential material, whereupon if the receiving party agrees that the document meets the criteria required by this Order, (i) the receiving party shall, to the extent possible, retrieve all copies of the inadvertently produced document from any person or persons in possession of such copies and return them to the producing party; (ii) the producing party will simultaneously provide copies of the same document with each page marked "CONFIDENTIAL;" and (iii) thereafter the parties shall treat such copies as Confidential material.

8.  Portions of depositions of a party's present and former officers, directors, employees, agents, and representatives may be deemed confidential only if they meet the required criteria and they are designated as such during the deposition questioning. If a party discovers after the conclusion of a deposition that it has inadvertently failed to designate the deposition testimony as Confidential, it may request designating the testimony as Confidential by writing to counsel for the opposing parties within thirty (30) days after the conclusion of the deposition.

9.  Information and documents produced during this lawsuit, which meet the criteria to be Confidential and which are designated as Confidential under this Order, must not be used or disclosed by the receiving parties or counsel for the parties or any persons identified in Paragraph 10 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals), or subsequent litigation between the parties.

10. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any third party or employee other than as follows:

    a.  Disclosure may be made to counsel and employees of counsel to assist in this lawsuit, and who in the reasonable opinion of counsel need to know such information. Any counsel and such employee must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

b. Disclosure may be made to James Wise and John Doherty of Bristol and David Hutton, Jun Zhang, and Jeffrey Clushman of Bosch. Other employees of a party or an affiliate of a party required in good faith to provide assistance in the conduct of this litigation who are identified as such in writing to counsel for the other parties at least five business days in advance of their review of the Confidential information so that the producing party may object in writing to such disclosure, may review Confidential material..

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in this lawsuit. Prior to disclosure to any consultant or expert, the individual must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

e. Disclosure may be made to deponents and their counsel during deposition preparation and depositions in the above captioned case.

f. Disclosure may be made to the Court, its clerks and staff (including the court having jurisdiction of any appeal).

g. Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Prior to disclosure to any such services, such services must agree to be bound by the provisions of this Order requiring that the documents and information be held in confidence.

11. Except as provided in Paragraph 10, the parties and counsel for the parties must keep the portions of all documents agreed or ordered as Confidential which are received during discovery secure within their exclusive possession. Each person to whom information designated as Confidential is disclosed shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

12. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

13. Information which meets all of the criteria under this Order to be CONFIDENTIAL and which (1) includes corporate strategy which would likely be detrimental upon showing to the employees of the other parties or (2) which provides pricing or cost data of such party, or (3) involves current open projects being bid, may be subjected to a higher level of confidentiality may be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"), with the appropriate information contained with the document so marked. Attorneys' Eyes Only Material

shall be subject to all restrictions and conditions that apply to Confidential material, and in addition shall be disclosed only to counsel of record appearing in this action, and to the persons described in Paragraph 10.a., 10.c., 10.d., 10.e., 10.f, subject to the condition that prior to disclosure to any eligible person, such person must agree to be bound by the terms of this Order requiring that Attorneys' Eyes Only Material be held in confidence and not further disclosed, and specifically that Attorneys' Eyes Only Material not be disclosed to any employees or agents of the parties. Attorneys Eyes Only Material shall not include information regarding the development , manufacture, operation, sales and profits of existing products of Bosch including especially the CS230 and CS440 products in dispute. It is understood that James Wise and John Doherty will have access to all information which bears on whether Bosch is infringing the patents-in-suit and the scope and entitlement to any damages and/or injunction as a result thereof there may be, except that they will not have access to customer-specific sales information that has been designated Attorneys' Eyes Only Material.   When Attorneys' Eyes Only Material is used at deposition, only those to whom such material may be disclosed may remain in attendance.

      14.    Attorneys' Eyes Only Material shall be affixed with the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The process for acceptance or rejection by the receiving party and, upon rejection, for the producing party to seek an Order, shall be the same as set forth in paragraph 2 of this Order except that there shall be no time based waiver of any objection to such a designation during the pendency of this case.

15. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers to be filed with the Court include information which has been designated Confidential or Attorneys' Eyes Only Material, the party desiring to file such materials must submit those materials under seal to the Court and must simultaneously comply with the procedures for such a sealed filing under D. Colo. L. Civ. R. 7.2. The papers or any portion thereof that are to be filed under seal shall be filed pursuant to the procedures for sealed electronic filings under the Court's ECF/CM procedures.  To the extent any sealed material is filed in a non-electronic form, the filing party shall submit the material to the Clerk of Court in an envelope marked "SEALED" with a reference to this Order on the envelope.  As required by D. Colo. L. Civ. R. 7.2, the material submitted under seal shall be accompanied by a motion to seal, a statement that the documents have been marked Confidential, and a proposed order for the Court to bar public access to the documents.

16. This Protective Order shall be applicable to all information which the providing party has requested to be "Confidential" and produced by any party or non-party pursuant to interrogatories, deposition, requests for production of documents, requests for admissions, subpoenas, or other written discovery requests (whether formal or informal) in connection with the above captioned case.

17. This Protective Order does not apply to the use of any Confidential or Attorneys' Eyes Only material at trial or in any hearing otherwise conducted in open court.  To the extent that a party wishes to close the court for consideration of Confidential or Attorneys' Eyes Only material during the trial of this action or in a

hearing before the Court, the party must follow the procedures for such a closure request under D. Colo. L. Civ. R. 7.2. The fact that certain information has previously been marked Confidential or Attorneys' Eyes Only shall not be controlling with respect to whether the courtroom will be closed for a hearing or at trial. To the extent a party who has received material that has been designated Confidential or Attorneys' Eyes Only intends to use such material at trial or in a hearing that would otherwise be open to the public, the receiving party shall so notify the party who designated the material as Confidential or Attorneys' Eyes Only so that the producing party may determine whether it wishes to move to close the court under D. Colo. L. Civ. R. 7.2.

18. Compliance with the terms of this Protective Order shall not be deemed an admission that any documents are admissible in evidence and shall not constitute a waiver of objections concerning further use of the documents. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not (a) operate as an admission by any party that any document or material designated by any other party as "Confidential" or Attorneys' Eyes Only Material contains or reflects proprietary or other confidential matter, or (b) prejudice in any way the right of any party (i) to seek determination by the Court as to whether any particular document or material should be deemed to be "Confidential," or Attorneys' Eyes Only Material or (ii) to seek relief from any provision of this Protective Order, either generally or with respect to any particular documents.

19. If another court or administrative agency subpoenas or orders production of any Confidential or Attorneys' Eyes Only discovery materials that a party has

obtained under the terms of this Order, such party shall promptly notify the party who produced the materials of the pendency of such subpoena or order, and shall allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Order absent the entry, in advance of the response date for the subpoena or order, of a protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

20.     Within thirty (30) days of the conclusion of the above captioned case, including any and all appeals, all material not received in evidence or used during motion practice, and which are Confidential or Attorneys' Eyes Only Material under this Order, must be returned to the originating party, or certified to have been destroyed or redacted from the portion of such documents which are not Confidential.  This Order shall continue to be binding after the conclusion of this litigation.

21.     A designation of Confidential or Confidential – Attorneys' Eyes Only may be challenged as set forth above.  The party claiming the designation bears the burden of showing that the designation is appropriate. There can be no violation of this Order because of disclosure of information  which was in fact not Confidential or did not in fact meet the Attorneys Eyes Only Material requirements regardless of any such designation by a party.  A party moving to modify this Order to provide for greater restrictions on disclosure must show that such a modification is necessary to protect the movant's trade secret or proprietary interests.

22. The parties agree that any unintentional breach of this Stipulated Proposed Protective Order shall not subject the counsel or such party to sanctions or damages, so long as the party and its counsel can show to the Court its good faith attempt to comply with the terms of this Stipulated Proposed Protective Order and that the breach was unintentional.

23. A related case was pending in the District Court, City and County of Denver, State of Colorado, Bristol Company LP v. Lee Osman and Dorsey & Whitney, 05CV 570. Information produced in that litigation, including in the deposition of Boyd deWaard, was available for use in that litigation, and can further be used for any appeal or other additional proceedings in that case as well as in this case.

SO ORDERED AND ENTERED:   on August 22, 2006.

                                               BY THE COURT:

                                               S/Michael J. Watanabe_____
                                               MICHAEL J. WATANABE
                                               U.S. MAGISTRATE JUDGE

STIPULATED AND AGREED BY:

Dated this __21st__ day of August, 2006.

By __/s James A. Jablonski__
   James A. Jablonski
**RUMLER TARBOX LYDEN PC**
1777 S. Harrison Street, Suite 1250
Denver, CO 80210
Telephone: (303) 333-7733
Facsimile: (303) 355-6036
E-mail: jjablonski@rumlerlaw.com

Attorneys for Plaintiff
**Bristol Company LP**

Dated this __21st__ day of August, 2006.

By __/s Christopher P. Beall__
   Christopher P. Beall
**FAEGRE & BENSON LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
E-mail: cbeall@faegre.com

Jonathan H. Margolies
**MICHAEL BEST & FRIEDRICH LLP**
100 East Wisconsin Ave., Ste. 3300
Milwaukee, WI 53202-4108
Telephone: (414) 225-2784
Facsimile: (414) 277-0656
E-mail: jhmargolies@michaelbest.com

Attorneys for Defendants
**Bosch Rexroth Incorporated, Robert Bosch Corporation** and **Bosch Rexroth Canada Corp**

fb.us.61119052.04