IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00011-REB-MJW

BRISTOL COMPANY,

Plaintiff,

v.

BOSCH REXROTH, INC., et al.,

Defendants.

**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL
(DOCKET NO. 93)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendants' Motion to Compel (docket no. 93). The court has reviewed the motion, response (docket no. 101), and reply (103). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendants request pursuant to Fed. R. Civ. P. 37(a)(2)(B) that this court order deponent John Doherty, a principal of Plaintiff Bristol Company, to provide deposition testimony with regard to certain documents which Defendants claim were voluntarily produced by Plaintiff Bristol Company but for which Mr. Doherty now asserts an

2

attorney-client privilege.

Here, the court finds that Defendants' argument does not claim that Plaintiff waived the attorney-client privilege by merely bringing a legal malpractice lawsuit against its attorneys, Dorsey & Whitney or Holland & Hart.  Moreover, Defendants are not relying on Plaintiff's waiver of the attorney-client privilege in a "separate action" in its contention that Plaintiff has waived the attorney-client privilege in this "subsequent action."  Instead, Defendants argue that Plaintiff has waived the attorney-client privilege by affirmatively and unequivocally waiving such privilege, in writing, in this litigation.  After careful review of the motion (docket no. 93), response (docket no. 101), reply (docket no. 103), and the attachments thereto, this court further finds the e-mail exchange on March 22, 2006, between Holland & Hart's Attorney Traci Van Pelt and Plaintiff's Attorney James A. Jablonski shows that Plaintiff has waived the attorney-client privilege as to approximately 27,000 documents in dispute in the subject motion.  Mr. Jablonski specially informed Ms. Van Pelt that "We claim no privilege."

"'[T]he attorney-client privilege cannot be used as both and sword and shield.' . . . In other words, once the privilege is waived, it cannot then be used as a shield 'to prevent the [other party] from exploring fully the substance and circumstances of that advice.'" Kovacs v. Hershey Co., 2006 WL 2781591, *6 (D. Colo. Sept. 26, 2006).

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

3

1. That Defendants' Motion to Compel (docket no. 93) is **GRANTED**;

2. That deponent John Doherty will fully and completely testify on all matters for which he previously refused to give testimony on the basis of his attorney-client privilege;

3. That the resumption of John Doherty's deposition will be conducted at a date and location to be determined by the parties.  The parties shall forthwith meet and confer and reset Mr. Doherty's deposition. The parties shall be given up to and including March 27, 2007, to complete the deposition of Mr. Doherty;

4. That the costs for the court reporter for the resumption of John Doherty's deposition shall be borne by Plaintiff.  Each party shall pay for their own copy of Mr. Doherty's deposition transcript.

Done this 26th of February 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge